# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

99.8112

**HURRICANE EXPRESS,**

    **Plaintiff,**

**Vs.**                       **NO.:**

**BIG RIG NATION, PATRICK NICHOLSON and RITA NICHOLSON,**

    **Defendants.**

---

## COMPLAINT

---

1. The Plaintiff, Hurricane Express, files this Complaint in the United States District Court for the Middle District of Tennessee pursuant to U.S. Code §1332 on the basis of diversity of citizenship and the amount in controversy exceeds $75,000.00.

2. The Defendant is Big Rig Nation, upon information and belief, an entity doing business in the state of Tennessee located in Nashville.

3. Defendant Rita Nicholson, an adult resident of the state of Tennessee.

4. Defendant Patrick Nicolson, an adult resident of the state of Tennessee.

5. Plaintiff Hurricane Express is a corporation authorized to do business in the state of Tennessee and licensed and incorporated in the state of Oklahoma.

1

## FACTS

6.      Hurricane Express is an over the road trucking operation operating throughout the southeast United States and other areas of the country.

7.      The Defendant, Big Rig Nation, is an entity operating in and around Nashville with an on-line presence and Face Book page.

8.      Patrick Nicholson is the founder of Big Rig Nation.

9.      Rita Nicholson is the president of Big Rig Nation.

10.     Beginning in approximately September of 2025, Big Rig Nation began targeting Hurricane Express with false attacks in a deliberate effort to interfere with the business relationships between Hurricane Express and drivers they are actively recruiting.

11.     Big Rig Nation deliberately began a steady campaign of misleading potential drivers of Hurricane Express in order to entice them away from operating vehicles on behalf of Hurricane Express.

12.     Upon information and belief, Big Rig Nation, Patrick Nicholson, and Rita Nicholson are recruiters for various trucking companies located primarily in eastern Europe, including, but not limited to Lithuania.

13.     Upon information and belief, the purpose of targeting Hurricane Express by the Defendants was to take drivers from Hurricane Express and have them work for trucking companies based out of Lithuania as well as other eastern European countries.  For each driver they recruited, they were paid a certain sum of money for their efforts.  As a result of the deliberate

2

efforts of the Defendants, Hurricane Express has suffered financial damage and continues to suffer same.

14. Attached as Exhibit #1 is a screen shot taken of the Face Book platform of Big Rig Nation taken on January 28, 2026, which specifically targets Hurricane Express in a deliberately negative and false light by accusing them of "Legalized Theft".

15. Attached as Exhibit #2 is another deliberate effort by the Defendants to target Hurricane Express and falsely accuse them of illegal activity, specifically theft.

16. Attached as Exhibit #3 is a post taken from Big Rig Nation's website dated September 24, 2025, falsely accusing Hurricane Express of causing a truck driver to go broke.

17. These are just three (3) deliberate examples where the Defendants falsely targeted the Plaintiff in an effort to financially harm the Plaintiff as well as to financially reward themselves by causing drivers to leave Hurricane Express' employment or perspective employment, and instead go to work for trucking companies that the Defendants were representatives on behalf.

18. The conduct of Big Rig Nation, Patrick Nicholson and Rita Nicholson shows a concerted effort as well as an illegal conspiracy to target Hurricane Express and deliberately cause them damages, which are significant and are on-going in nature.

19. The Plaintiff would show to the Court that the Defendants are aware of the individuals that Hurricane Express attempts to hire and deliberately goes after that group of individuals in order to harm Hurricane Express and for the Defendants to profit by doing so.

3

20. Plaintiffs would show to the Court that actions of the Defendants amount to defamation, and the defamation is directly causing financial damage to the Plaintiff.

21. The Plaintiff would show to the Court that the actions of the Defendants are on-going and are a deliberate effort to interfere with the relationship of drivers to be hired by the Plaintiff.

22. The Plaintiff would show to the Court that the actions of the Defendants are intentional, reckless, on-going and designed to disrupt the Plaintiff's efforts to hire additional and new drivers for their trucking operation.

## **COUNT I**

23. The Plaintiff incorporates by reference all proceeding paragraphs in support of Count 1of their Complaint.

24. Plaintiff would show to the Court that the Defendants are liable for defamation.

24. The Plaintiff would show that the on-going defamation being perpetuated by the Defendants has had a negative financial impact on the Plaintiff.

25. The Plaintiff would show that based upon the defamatory actions of the Defendants, that the Plaintiff has suffered damages, and is entitled to monetary compensation to remedy same. The Plaintiff would show to the Court that the defamatory actions by the Defendants are on-going and continues to cause the Plaintiff's damages to increase on a regular basis.

4

26.    The actions of the Defendants, both past and present, are having a chilling effect on the ability to hire drivers.  This continues to cause Plaintiff financial hardship and is an ongoing threat to daily operations.  The Plaintiffs will seek a Temporary Restraining Order from this Court to stop the defamatory actions taken by the Defendants.

## <u>COUNT II</u>

27.    The Plaintiff incorporates by reference all proceeding paragraphs in support of Count II.

28.    The Plaintiff would show to the Court that the intentional actions of the Defendant are a deliberate effort to intentionally interfere with business relationships being formed by the Plaintiff with their drivers being recruited.

29.    The Plaintiff would show to the Court that the actions of the Defendants are intentional and designed to entice drivers away from Hurricane Express for the Defendant's monetary gain.

30.    The Plaintiff would show to the Court that the actions of the Defendant have caused Plaintiff financial harm and are on-going in nature.

31.    Plaintiff would show that due to the deliberate and on-going actions of the Defendants, the Plaintiff is suffering damages on a regular basis and continues to suffer same because of the conduct of the Defendants.

32.    The actions of the Defendants, both past and present, and having a chilling effect on the ability to hire drivers.   This continues to cause Plaintiff financial hardship and is an ongoing threat to daily operations.    The Plaintiff will seek a Temporary Restraining Order from this

5

Court to cease the intentional interference of the business relationships with Hurricane Express and the drivers they are recruiting.

## DAMAGES

33.     The Plaintiff would show to the Court that the actions of the Defendants for the defamation and intentional interference of the business relationships are caused and continues to cause the Plaintiff significant damages. At this time the Plaintiff estimates their damages are at least $1,000,000.00 and continuing to grow based upon the actions of the Defendants.

34.     The Plaintiff seeks a judgment against the Defendants collectively for no less than $1,000,000,00, and potentially more to be approved at trial.

## DECLARATION

My name is Kaedon J. Steinert and I am the owner of Hurricane Express and have personal knowledge of the information contained in this Declaration and am competent to testify thereto. The preceding paragraphs outlined in the Complaint on behalf of Hurricane Express are true and correct to the best of my knowledge. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

KAEDON J. STEINERT

DATE:     3/12/26

6

Respectfully submitted,

**McNABB, BRAGORGOS,
BURGESS & SORIN, PLLC**


*/s/ Nicholas E. Bragorgos*
NICHOLAS E. BRAGORGOS, TN # 12000
 Attorney for Plaintiff Hurricane Express
 81 Monroe, Sixth Floor
 Memphis, Tennessee 38103
 Telephone: (901) 624-0640
 Fax: (901) 624-0650
 nbragorgos@mbbslaw.com

7