**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT TENNESSEE**
**NASHVILLE DIVISION**

99.8112

---

**HURRICANE EXPRESS,**

   **Plaintiff,**

**vs.**                                                                 **NO.  3:26-cv-0301**

**BIG RIG NATION, PATRICK**
**NICHOLSON and RITA NICHOLSON,**

   **Defendants.**

---

### MOTION AND MEMORANDUM FOR TEMPORARY RESTRAINING ORDER

---

The Plaintiff, Hurricane Express, by and through counsel, files this Motion and Memorandum pursuant to Rule 65 of the Federal Rules of Civil Procedure asking this Court to grant a Temporary Restraining Order.

### MOTION AND MEMORANDUM

Attached as Exhibit #1 to the Motion is the Verified Complaint filed by Hurricane Express. The Verified Complaint states with specificity the on-going intentional and disruptive conduct of the Defendants to cause harm to the Plaintiff.  It is specifically addressed in the Complaint that the actions of the Defendants, individually and in conjunction, have defamed the Plaintiff, and have also intentionally interfered with business relationships of the Plaintiff.  The Plaintiff is a trucking company operating throughout the southeast United States and other parts of the country.  For the last several months, going back to September of 2025, the Defendant has engaged in a regular and on-going pattern of conduct designed to defame the Plaintiff and to deliberately entice drivers with

whom they are having business discussions away from Hurricane Express. Upon information and belief, the efforts of the Defendants result in monetary gain when they are able to successfully entice perspective drivers away from Hurricane Express and then have them work for other trucking companies located in Europe and elsewhere.  Due to the on-going nature of the Defendants' conduct, it has caused and continues to cause financial difficulties to the Plaintiff. Defendants' conduct is disrupting Plaintiff's daily operations to do business with their customers. Ultimately, the continued conduct by the Defendant could have catastrophic effects on the ability to Hurricane Express to continue to stay in business.

## LAW AND ARGUMENT

In support of the Motion, the Plaintiff relies upon the case of *Snipes vs Presbyterian Church USA,(* U.S. District Court for the Middle District of Tennessee, May 2025) is Exhibit #2 to this Motion and Memorandum.  In that case the court took up the requirements for issuance of a Temporary Restraining Order. In ruling upon the requirements for the granting of a TRO, the court ruled as follows:

> When determining whether to issue a Temporary Restraining Order, or a preliminary injunction, the court considers four factors: (1) whether the Movant has shown a strong likelihood of success on the merits of the controversy; (2) whether the movant is likely to suffer irreparable harm without an injunction; (3) whether an injunction would cause substantial harm to others; and (4) whether an injunction would serve the public interest. Workman v Bredesen, 486 F.3d 896, 905 (6th Cir. 2007). Although the "[t]he standard for issuing a [TRO] is logically the same as for a preliminary injunction, "the "emphasis [is] on irreparable harm given that the purpose of a [TRO] is to maintain the status quo." ABX Air, Inc., v Int'l Bhd. Of Teamsters, 1219 F. Supp. 3d 665, 670 (S.D. Ohio 2016).  Both TROs and preliminary injunctions "are extraordinary remedies which should be granted only if the movant carries [its] burden of proving that the circumstances clearly demand it." Barron v. PGA Tour, Inc., 670 F. Supp. 2d 674, 682 (W.D. Tenn. 2009)  Id. on page 2

2

Attached to the Complaint made as Exhibit #2 are three separate instances of efforts published by the Defendants to put the Plaintiff in a negative and false light. The comments contained in each Exhibit are defamatory and are specifically designed to harm Hurricane Express and allow the Defendants, in essence, "poach" drivers from Hurricane Express for the Defendants' financial gain. The Plaintiff also cites to the case of *Wandrie v Planet Home Lending, LLC*, (U.S. District Court for the Eastern Dist. of Michigan) decided August 7, 2025. See attached as Exhibit #3. The Michigan court also addressed the four requirements as did the *Snipes* court in the Middle District of Tennessee. The court found as follows:

> In deciding whether to issue a TRO, courts must balance four factors: (1) whether the movant is likely to succeed on the merits; (2) whether the movant will suffer irreparable harm absent TRO; (3) whether the balance of hardships favors the movant, and (4) whether issuing the TRO would serve the public interest. Id. on page 2

The statements contained in the Exhibits falsely accuse Hurricane Express of "legalized theft". On its face that is defamatory, reckless and designed to harm. The irreparable harm has resulted in significant difficulty to Hurricane Express in conducting their daily operations. The inability to obtain drivers and also retain drivers is a detrimental factor that could result in Hurricane Express being unable to continue to stay in business. The Plaintiff would show to the court that the time it would take to litigate this matter on the merits on a regular track could well be too long and result in the Plaintiff having to cease operations if immediate action is not taken by the court to stop the Defendants' ongoing activities.

Plaintiff submits to the court that the fact that the Defendants are publicly accusing the Plaintiff of committing criminal acts, which are false, strongly points to the likelihood of the

3

Plaintiff's success in a lawsuit. Further, based upon the Verified Complaint, the Plaintiff has demonstrated a financial hardship which has resulted from the Defendants' defamatory behavior. As a result, the Plaintiff has suffered and continues to suffer irreparable harm regarding its ability to continue to hire and retain qualified drivers. The balance of hardship in this case favors Hurricane Express since it is they who are being attacked and being damaged. Big Rig Nation can surely continue to operate given their opinions about various items in the trucking industry without identifying Hurricane Express as they have continued to do. The public interest is served because it is reckless for companies to have to defend themselves from false and negative charges in a forum designed for the public benefit such as the Face Book page operated by Big Rig Nation. The wide-ranging reach of such a public website can cause and continues to cause damage to an innocent Defendant unfairly targeted. For this the public interest is served in stopping the Defendants' behavior as to Hurricane Express only.

     **WHEREFORE,** based on the foregoing, the Plaintiff asks this Court to grant a Temporary Restraining Order prohibiting the Defendants, either individually or collectively, from making any reference to Hurricane Express on their Big Rig Nation website or any other media format, whether oral or visual.

     Dated: March 13, 2026.

Respectfully submitted,

**McNABB, BRAGORGOS, BURGESS &
SORIN, PLLC**


_/s/ Nicholas E. Bragorgos_
NICHOLAS E. BRAGORGOS - #12000
Attorney for Hurricane Express
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Telephone: (901) 624-0640
Fax: (901) 624-0650
nbragorgos@mbbslaw.com

5