UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HURRICANE EXPRESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:26-cv-301 |
| | ) |
| BIG RIG NATION, | ) |
| PATRICK NICHOLSON and | ) |
| RITA NICHOLSON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the motion for a temporary restraining order. (Doc. No. 7). Hurricane Express, a trucking company, alleges that Defendants—a competing trucking company and its founder and president—defamed it and tortiously interfered with its business relationships by making disparaging statements on social media to lure away its drivers. (Doc. No. 1). Hurricane Express asks the Court to restrain Defendants from continuing that conduct. For the reasons set forth below, the motion will be **DENIED WITHOUT PREJUDICE**.

Diversity jurisdiction requires complete diversity among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The complaint satisfies neither requirement.

First, the diversity allegations are incomplete. The complaint alleges that "Hurricane Express is a corporation authorized to do business in the state of Tennessee and licensed and incorporated in the state of Oklahoma." The citizenship of a corporation is based on its state of incorporation and principal place of business. Id. § 1332(c)(1). The complaint is silent as to Hurricane Express's principal place of business. Hurricane Express also failed to file the

mandatory corporate disclosure statement required by Federal Rule of Civil Procedure 7.1(a)(2) and Local Rule 7.02(b), which would have clarified the issue.

Second, there is no basis that the Court can conclude that Hurricane Express has demonstrated to a reasonable probability that the amount-in-controversy requirement is satisfied. See Charvat v. EchoStar Satellite, LLC, 630 F.3d 459, 462-63 (6th Cir. 2010). The amount in controversy must be plausible—i.e., the amount must be "factually or legally supported"—rather than conclusory. See Bey v. Ally Bank, Inc., No. 22-5273, 2022 WL 19765117, at *2 (6th Cir. Nov. 16, 2022). Hurricane Express alleges that (1) the "amount in controversy exceeds $75,000," (Doc. No. 1 ¶ 1), (2) it "has suffered financial damage and continues to suffer same," (id. ¶ 13), (3) damages are "significant" and are "on-going in nature," (id. ¶¶ 18, 30), (4) "the defamation is directly causing financial damage," (id. ¶ 20), (5) damages are suffered "on a regular basis," (id. ¶¶ 25, 31), (6) damages are "at least $1,000,000.00 and are continuing to grow," (id. ¶ 33), and (7) it seeks a judgment "for no less than $1,000,000,00 [sic], and potentially more," (id. ¶ 34). It does not allege the number of drivers that Defendants diverted from Hurricane Express, the amount of revenue those drivers generated or would have generated had they remained with Hurricane Express, any tangible loss of business—e.g., deliveries that could not be made because of the loss of the drivers, no contracts that have been lost, and no other concrete injury that would allow the Court to evaluate to a reasonable probability whether the jurisdictional threshold is met.

The motion itself fails procedurally and substantively. Procedurally, Local Rule 65.01(b) requires that any motion for a temporary restraining order be accompanied by a proposed order, but Hurricane Express did not file one. Local Rule 65.01(c) also requires strict compliance with Fed. R. Civ. P. 65. That rule, in turn, requires that a party seeking a temporary restraining order without notice certify in writing the efforts made to give notice to the adverse party and the reasons

why notice should not be required. Fed. R. Civ. P. 65(b)(1). Hurricane Express filed no such certification.

Substantively, the motion fails because Hurricane Express has not made a sufficient showing of a likelihood of irreparable harm absent temporary relief. The movant must demonstrate that irreparable injury is likely, not merely possible, absent injunctive relief. Irreparable harm is harm that cannot be adequately compensated by monetary damages. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). Hurricane Express's alleged harm—reputational injury and employee attrition—is compensable by damages, which forecloses temporary relief. The verified complaint, moreover, points to nothing suggesting that Defendants' conduct is ongoing, escalating, or likely to recur before the Court can address a properly supported motion. It identifies only three social media posts—one undated and the most recent from January 2026. (Doc. Nos. 1-1, 1-2, 1-3). Because Hurricane Express does not show a likelihood of imminent, non-compensable harm, the motion fails.

For the foregoing reasons, the motion for a temporary restraining order (Doc. No. 7) is **DENIED WITHOUT PREJUDICE**. Hurricane Express may amend its complaint to cure the jurisdictional deficiencies identified in this Order and shall file the corporate disclosure statement required by Fed. R. Civ. P. 7.1 and Local Rule 7.01(a)(2). If the jurisdictional deficiencies are not cured in 30 days, this case will be dismissed.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE