**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **HURRICANE EXPRESS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:26-cv-301** |
| | ) | |
| **BIG RIG NATION, PATRICK** | ) | |
| **NICHOLSON and RITA NICHOLSON,** | ) | |
| | ) | |
| **Defendants.** | | |

## ORDER

Despite the filing of the Amended Complaint (Doc. No. 16), subject matter jurisdiction remains unresolved. The Amended Complaint alleges that "Defendant Big Rig Nation, upon information and belief, is an entity believed to be doing business in Nashville, Tennessee." (Id. at ¶ 2). There is no indication, however, of its form of "entity." If it is a corporation, the allegation that it does "business in Nashville, Tennessee" is insufficient to establish Big Rig's citizenship. 28 U.S.C. § 1332(c)(1). Likewise, if it is another form of business entity—an LLC, or a partnership—those allegations are insufficient because Big Rig's citizenship is the citizenship of all of its members. See Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009); Safeco Ins. Co. of Am. v. City of White House, Tenn., 36 F.3d 540, 544-45 (6th Cir. 1994).

In a case where subject matter jurisdiction is solely based on diversity, Fed. R. Civ. P. 7.1 requires that a party file a statement that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party[.]" Local Civil Rule 7.02 prescribes the form for that statement and provides that it must be filed with the "initial pleading, or other initial court filing[.]" Big Rig Nation shall file its mandatory business entity disclosure

statement within **five days** of entry of this order. The Court holds the pending motion for preliminary injunction in **ABEYANCE** pending that filing.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

2