| | |
|---|---|
| HURRICANE EXPRESS, | ) |
| | ) |
| Plaintiff, | ) CASE NO: 3:26-cv-0301 |
| | ) |
| v. | ) |
| | ) |
| BIG RIG NATION, PATRICK NICHOLSON | ) |
| and RITA NICHOLSON, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
AMENDED COMPLAINT**

Defendants Big Rig Nation, Patrick Nicholson, and Rita Nicholson (collectively "Defendants"),

by and through their undersigned counsel, pursuant to Rules 8(c) and 12(a) of the Federal Rules of Civil

Procedure, hereby files their Answer and Defenses to the Amended Complaint ("Complaint") filed by

Plaintiff Hurricane Express ("Plaintiff") in the above-captioned action as follows:

1. Defendants admit that Plaintiff purports to file this action on the basis of diversity of

citizenship, though deny that Plaintiff is entitled to any relief.

2. Denied.

3. Admitted.

4. Admitted.

5. Upon information and belief, admitted.

## FACTS

6. Upon information and belief, admitted.

7. Defendants are without sufficient knowledge or information to admit or deny the

allegations pled in Paragraph 7 of the Amended Complaint and therefore deny the same.

1

8. Defendants are without sufficient knowledge or information to admit or deny the allegations pled in Paragraph 8 of the Amended Complaint and therefore deny the same.

9. Defendants are without sufficient knowledge or information to admit or deny the allegations pled in Paragraph 9 of the Amended Complaint and therefore deny the same.

10. Denied.

11. Admitted.

12. Admitted.

13. Denied.

14. The cited website pages speak for themselves.

15. Denied.

16. Denied.

17. Defendant denies that Your Transportation Experts has been renamed to Big Rig Nation. Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations pled in Paragraph 17 of the Amended Complaint and therefore deny the same.

18. Defendant denies that Your Transportation Experts has been renamed to Big Rig Nation. The cited Facebook post speaks for itself.

19. Defendant denies that Your Transportation Experts has been renamed to Big Rig Nation. The cited Facebook post speaks for itself.

20. Defendant denies that Your Transportation Experts has been renamed to Big Rig Nation. The cited Facebook post speaks for itself.

21. Denied.

22. Defendant denies that Your Transportation Experts has been renamed to Big Rig Nation. The purported social media posts speak for themselves.

23. The cited Facebook page speaks for itself.

2

24. The cited "social media post" speaks for itself.

25. The cited Facebook post speaks for itself.

26. The cited contact information speaks for itself.

27. The cited website speaks for itself.

28. Admitted.

29. Admitted.

30. The cited YouTube page speaks for itself.

31. The cited LinkedIn page speaks for itself.

32. The cited Facebook page speaks for itself.

33. The cited Facebook page speaks for itself.

34. The cited Facebook page speaks for itself.

35. The cited Website speaks for itself.

36. The cited Website speaks for itself.

37. The cited Google Search speaks for itself.

38. The cited Google Search speaks for itself.

39. The cited Website speaks for itself.

40. The cited Website speaks for itself.

41. The cited Website speaks for itself. Defendants deny that Big Rig Nation employs any drivers.

42. The cited Website speaks for itself.

43. The cited Website speaks for itself.

44. The cited Website speaks for itself.

45. The cited Website speaks for itself.

46. Denied.

3

47. Denied.

48. The cited social media "advertisement" speaks for itself.

49. The cited Website speaks for itself.

50. The cited Website speaks for itself.

51. The cited Website speaks for itself.

52. The cited Website speaks for itself.

53. The cited Website speaks for itself.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. The purported social media posts speak for themselves.

63. The purported social media posts speak for themselves.

64. The purported social media posts speak for themselves.

65. The purported social media posts speak for themselves.

66. The purported social media posts speak for themselves.

67. Paragraph 67 of the Amended Complaint is a conclusion of law to which no response is required.

68. Paragraph 68 of the Amended Complaint is a conclusion of law to which no response is required.

4

69. Paragraph 69 of the Amended Complaint is a conclusion of law to which no response is required.

70. Paragraph 70 of the Amended Complaint is a conclusion of law to which no response is required.

71. The purported social media advertisements speak for themselves.

72. The purported social media posts speak for themselves.

73. The purported social media posts speak for themselves.

74. The purported social media posts speak for themselves.

75. The purported social media posts speak for themselves.

76. The purported social media posts speak for themselves.

77. The purported social media posts speak for themselves.

78. The purported social media posts speak for themselves.

79. The purported social media posts speak for themselves.

80. The purported social media posts speak for themselves.

81. The purported social media posts speak for themselves.

82. The purported social media posts speak for themselves.

83. The purported social media posts speak for themselves.

84. The purported social media posts speak for themselves.

85. The purported social media posts speak for themselves.

86. The purported social media posts speak for themselves.

87. The purported social media posts speak for themselves.

88. The purported social media posts speak for themselves.

89. The purported social media posts speak for themselves.

90. The purported social media posts speak for themselves.

5

91.     The purported social media posts speak for themselves.

92.     The purported social media posts speak for themselves.

93.     The purported social media posts speak for themselves.

94.     The purported social media posts speak for themselves.

95.     The purported social media posts speak for themselves.

96.     The purported social media posts speak for themselves.

97.     The purported social media posts speak for themselves.

98.     The purported social media posts speak for themselves.

99.     The purported social media posts speak for themselves.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

## COUNT I – DEFAMATION

104.    Defendants incorporate by reference the responses to Paragraphs 1 – 103 as if pled herein.

105.    Denied.

106.    Defendants state that any posts made to social media being referenced in this allegation speak for themselves.

107.    Defendants state that any posts made to social media being referenced in this allegation speak for themselves.

108.    Defendants state that any posts made to social media being referenced in this allegation speak for themselves.

6

109. The purported social media posts speak for themselves. Defendants deny any defamation.

110. The purported social media posts speak for themselves. Defendants deny any defamation.

111. The purported social media posts speak for themselves. Defendants deny any defamation.

112. The purported social media posts speak for themselves. Defendants deny any defamation.

113. The purported social media posts speak for themselves. Defendants deny any defamation.

114. The purported social media posts speak for themselves. Defendants deny any defamation.

115. The purported social media posts speak for themselves. Defendants deny any defamation.

116. The purported social media posts speak for themselves. Defendants deny any defamation.

117. The purported social media posts speak for themselves. Defendants deny any defamation.

118. The purported social media posts speak for themselves. Defendants deny any defamation.

119. Defendants state that any posts made to social media being referenced in this allegation speak for themselves.

120. The purported social media posts speak for themselves. Defendants deny any defamation.

121. The purported social media posts speak for themselves. Defendants deny any defamation.

122. The purported social media posts speak for themselves. Defendants deny any defamation.

123. The purported social media posts speak for themselves. Defendants deny any defamation.

124. The purported social media posts speak for themselves. Defendants deny any defamation.

125. The purported social media posts speak for themselves. Defendants deny any defamation.

126. The purported social media posts speak for themselves. Defendants deny any defamation.

127. The purported social media posts speak for themselves. Defendants deny any defamation.

128. The purported social media posts speak for themselves. Defendants deny any defamation.

129. The purported social media posts speak for themselves. Defendants deny any defamation.

130. The purported social media posts speak for themselves. Defendants deny any defamation.

131. The purported social media posts speak for themselves. Defendants deny any defamation.

132. The purported social media posts speak for themselves. Defendants deny any defamation.

133. The purported social media posts speak for themselves. Defendants deny any defamation.

134. The purported social media posts speak for themselves. Defendants deny any defamation.

135. The purported social media posts speak for themselves. Defendants deny any defamation.

136. The purported social media posts speak for themselves. Defendants deny any defamation.

137. The purported social media posts speak for themselves. Defendants deny any defamation.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

## COUNT II – VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

143. Defendants incorporate by reference the responses to Paragraphs 1 – 142 as if pled herein.

144. Denied.

145. Denied.

146. Defendant's declaration speaks for itself.

147. The cited Facebook page speaks for itself.

148. The cited Facebook page speaks for itself.

149. The cited Facebook page speaks for itself.

9

150. The cited Website speaks for itself.

151. The cited Website speaks for itself.

152. The cited Website speaks for itself.

153. The cited Website speaks for itself.

154. The cited Website speaks for itself.

155. The cited LinkedIn Page speaks for itself.

156. The purported social media posts speak for themselves.

157. The purported social media posts speak for themselves.

158. The purported social media posts speak for themselves.

159. The purported social media posts speak for themselves.

160. The purported social media posts speak for themselves.

161. The purported social media posts speak for themselves.

162. The purported social media posts speak for themselves.

163. The purported social media posts speak for themselves.

164. The purported social media posts speak for themselves.

165. The purported social media posts speak for themselves.

166. The purported social media posts speak for themselves.

167. The purported social media posts speak for themselves.

168. The purported social media posts speak for themselves.

169. The purported social media posts speak for themselves.

170. The purported social media posts speak for themselves.

171. The purported social media posts speak for themselves.

172. The purported social media posts speak for themselves.

173. The purported social media posts speak for themselves.

174. The purported social media posts speak for themselves.

175. The purported social media posts speak for themselves.

176. The purported social media posts speak for themselves.

177. The purported social media posts speak for themselves.

178. The purported social media posts speak for themselves.

179. The purported social media posts speak for themselves.

180. The purported social media posts speak for themselves.

181. The purported social media posts speak for themselves.

182. The purported social media posts speak for themselves.

183. The purported social media posts speak for themselves.

184. The purported social media posts speak for themselves.

185. The purported social media posts speak for themselves.

186. The purported social media posts speak for themselves.

187. The purported social media posts speak for themselves.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

197. Denied.

## COUNT III – FALSE LIGHT

198.	Defendants incorporate by reference the responses to Paragraphs 1 – 197 as if pled herein.

199.	Denied.

200.	Defendants incorporate by reference the responses to Paragraphs 1 – 142 as if pled herein.

201.	Defendants state that any posts made to social media being referenced in this allegation speak for themselves.

202.	Defendants state that any posts made to social media being referenced in this allegation speak for themselves.

203.	The purported social media posts speak for themselves.

204.	The purported social media posts speak for themselves.

205.	The purported social media posts speak for themselves.

206.	The purported social media posts speak for themselves.

207.	The purported social media posts speak for themselves.

208.	The purported social media posts speak for themselves.

209.	The purported social media posts speak for themselves.

210.	The purported social media posts speak for themselves.

211.	The purported social media posts speak for themselves.

212.	The purported social media posts speak for themselves.

213.	The purported social media posts speak for themselves.

214.	The purported social media posts speak for themselves.

215.	The purported social media posts speak for themselves.

216.	The purported social media posts speak for themselves.

217. The purported social media posts speak for themselves.

218. The purported social media posts speak for themselves.

219. The purported social media posts speak for themselves.

220. The purported social media posts speak for themselves.

221. The purported social media posts speak for themselves.

222. The purported social media posts speak for themselves.

223. The purported social media posts speak for themselves.

224. The purported social media posts speak for themselves.

225. The purported social media posts speak for themselves.

226. The purported social media posts speak for themselves.

227. The purported social media posts speak for themselves.

228. The purported social media posts speak for themselves.

229. The purported social media posts speak for themselves.

230. The purported social media posts speak for themselves.

231. The purported social media posts speak for themselves.

232. Denied.

233. Denied.

234. Denied.

235. Denied.

236. Denied.

237. Denied.

238. Denied.

<u>**COUNT IV – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS**</u>

239. Defendants incorporate by reference the responses to Paragraphs 1 – 238 as if pled herein.

240. Denied.

241. Defendants state that any posts made to social media being referenced in this allegation speak for themselves.

242. Defendants state that any posts made to social media being referenced in this allegation speak for themselves.

243. The purported social media posts speak for themselves.

244. The purported social media posts speak for themselves.

245. The purported social media posts speak for themselves.

246. The purported social media posts speak for themselves.

247. The purported social media posts speak for themselves.

248. The purported social media posts speak for themselves.

249. The purported social media posts speak for themselves.

250. The purported social media posts speak for themselves.

251. The purported social media posts speak for themselves.

252. The purported social media posts speak for themselves.

253. The purported social media posts speak for themselves.

254. The purported social media posts speak for themselves.

255. The purported social media posts speak for themselves.

256. The purported social media posts speak for themselves.

257. The purported social media posts speak for themselves.

258. The purported social media posts speak for themselves.

259.    The purported social media posts speak for themselves.

260.    The purported social media posts speak for themselves.

261.    The purported social media posts speak for themselves.

262.    The purported social media posts speak for themselves.

263.    The purported social media posts speak for themselves.

264.    The purported social media posts speak for themselves.

265.    The purported social media posts speak for themselves.

266.    The purported social media posts speak for themselves.

267.    The purported social media posts speak for themselves.

268.    The purported social media posts speak for themselves.

269.    The purported social media posts speak for themselves.

270.    The purported social media posts speak for themselves.

271.    The purported social media posts speak for themselves.

272.    The purported social media posts speak for themselves.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Denied.

## COUNT V – INTENTIONAL MISREPRESENTATION

284.    Defendants incorporate by reference the responses to Paragraphs 1 – 283 as if pled herein.

285.    Denied.

286.    The cited LinkedIn page speaks for itself.

287.    The cited Facebook page speaks for itself.

288.    The cited Facebook page speaks for itself.

289.    The cited Facebook page speaks for itself.

290.    The cited Facebook page speaks for itself.

291.    The cited Website speaks for itself.

292.    The cited Website speaks for itself.

293.    The purported Google search speaks for itself.

294.    The purported Google search speaks for itself.

295.    The cited Website speaks for itself.

296.    The cited Website speaks for itself.

297.    The cited platforms speak for themselves.

298.    The purported contact information pages speak for themselves.

299.    Denied.

300.    The purported contact information pages speak for themselves.

301.    Denied.

302.    Denied.

303.    Defendant's declaration speaks for itself.

304.    Denied.

305. Denied.

306. Denied.

307. Denied.

308. Denied.

309. Denied.

## COUNT VI – COMMON LAW DISPARAGEMENT

310. Defendants incorporate by reference the responses to Paragraphs 1 – 309 as if pled herein.

311. Denied.

312. Defendants state that any posts made to social media being referenced in this allegation speak for themselves.

313. Defendants state that any posts made to social media being referenced in this allegation speak for themselves.

314. Defendants state that any posts made to social media being referenced in this allegation speak for themselves.

315. The purported social media posts speak for themselves.

316. The purported social media posts speak for themselves.

317. The purported social media posts speak for themselves.

318. The purported social media posts speak for themselves.

319. The purported social media posts speak for themselves.

320. The purported social media posts speak for themselves.

321. The purported social media posts speak for themselves.

322. The purported social media posts speak for themselves.

323. The purported social media posts speak for themselves.

17

324. The purported social media posts speak for themselves.

325. The purported social media posts speak for themselves.

326. The purported social media posts speak for themselves.

327. The purported social media posts speak for themselves.

328. The purported social media posts speak for themselves.

329. The purported social media posts speak for themselves.

330. The purported social media posts speak for themselves.

331. The purported social media posts speak for themselves.

332. The purported social media posts speak for themselves.

333. The purported social media posts speak for themselves.

334. The purported social media posts speak for themselves.

335. The purported social media posts speak for themselves.

336. The purported social media posts speak for themselves.

337. The purported social media posts speak for themselves.

338. The purported social media posts speak for themselves.

339. The purported social media posts speak for themselves.

340. The purported social media posts speak for themselves.

341. The purported social media posts speak for themselves.

342. The purported social media posts speak for themselves.

343. The purported social media posts speak for themselves.

344. Denied.

345. Denied.

346. Denied.

347. Denied.

348. Denied.

## COUNT VII – UNFAIR COMPETITION

349. Defendants incorporate by reference the responses to Paragraphs 1 – 348 as if pled herein.

350. Denied.

351. Denied.

352. Denied.

353. Denied.

## COUNT VIII – DECLARATORY JUDGMENT UNDER T.C.A.§47-18-109(b)

354. Defendants incorporate by reference the responses to Paragraphs 1 – 353 as if pled herein.

355. Paragraph 355 contains a conclusion of law to which no response is required.

356. Denied that Plaintiff is entitled to the alleged relief.

357. Denied that Plaintiff is entitled to the alleged relief.

## IX – PUNITIVE DAMAGES

358. Defendants incorporate by reference the responses to Paragraphs 1 – 357 as if pled herein.

359. Paragraph 359 contains a conclusion of law to which no response is required.

360. Denied.

361. Denied.

## X – DAMAGES

362. Denied.

363. Denied.

364. Denied.

19

367. Denied.

368. Any allegation not expressly admitted herein is now denied.

369. Defendant denies that Plaintiff is entitled to any of the relief prayed for in its Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

As separate defenses to the averments contained in the Amended Complaint, Defendants states as follows:

### First Defense

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2. Although Defendants deny Plaintiff is entitled to any relief, Plaintiff has failed to take reasonable steps to minimize or mitigate damages and may not recover any damages it could have avoided. To the extent that Plaintiff has mitigated its damages, it may not recover for any damages it has mitigated.

### Third Defense

3. Plaintiff is estopped by its acts, conduct, or omissions from asserting some or all of its claims.

### Fourth Defense

4. Plaintiff is precluded from asserting some or all its claims by the doctrine of unclean hands.

### Fifth Defense

5. Some or all of Plaintiff's claims are barred by waiver, ratification, novation, and/or accord and satisfaction.

**Sixth Defense**

6. Plaintiff has not satisfied a condition precedent in the alleged agreement for some or all of its alleged damages.

**Seventh Defense**

7. Any alleged damages were not proximately caused by Defendants' conduct.

**Eighth Defense**

8. Plaintiff cannot establish the existence of a valid contract or reasonable business expectancy.

**Ninth Defense**

9. Any third party's decision was independent and not caused by Defendants.

**Tenth Defense**

10. Plaintiff cannot recover for defamation to the extent the challenged statements are true or substantively true.

**Eleventh Defense**

11. The statements at issue constitute non-actionable opinion rather than statements of fact.

**Twelfth Defense**

12. To the extent required, Defendants did not act with actual malice.

**Thirteenth Defense**

13. Defendants did not publish any defamatory statement to a third party.

**Fourteenth Defense**

14. Plaintiff's false light claim is barred because Plaintiff cannot prove that any publicity placed Plaintiff in a false light that would be highly offensive to a reasonable person.

21

## Fifteenth Defense

15. Plaintiff cannot prove Defendants acted with knowledge of falsity or reckless disregard as to falsity and the false light in which Plaintiff would be placed.

## Sixteenth Defense

16. Plaintiff cannot establish the required "publicity" element and cannot show that Defendants gave publicity to a matter concerning Plaintiff that placed Plaintiff before the public in a false light.

## Seventeenth Defense

17. Plaintiff's intentional interference claim is barred because Plaintiff cannot prove an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third parties.

## Eighteenth Defense

18. Plaintiff's intentional interference claim is barred because Plaintiff cannot prove Defendants knowledge of any specific relationship.

## Nineteenth Defense

19. Plaintiff's intentional interference claim is barred because Plaintiff cannot prove Defendants intended to cause a breach or termination of any business relationship.

## Twentieth Defense

20. Plaintiff's intentional interference claim is barred because Plaintiff cannot prove damages resulting from the alleged interference.

## RESERVATION OF RIGHTS

Plaintiff's claims do not describe the claims asserted against Defendants with sufficient particularity to enable Defendants to determine all of the defenses and/or claims available to Defendants in response to this action. Defendants reserve the right to assert all defenses and/or

22

claims which may be applicable to Plaintiff's claims until such time as the precise nature of the various claims is ascertained and all facts are discovered.

Respectfully submitted, this the 27th day of April 2026.

/s/ Paige M. Lyle

Paige M. Lyle (TN 032959)
FORDHARRISON LLP
150 Third Ave South, Suite 2010
Nashville, Tennessee 37201
Telephone: (615) 574-6700
Facsimile: (615) 574-6701
plyle@fordharrison.com

*Attorneys for Defendants*

23

## <u>CERTIFICATE OF SERVICE</u>

The Undersigned hereby certifies that on April 27, 2026, I presented the foregoing pleading to the Clerk of the Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Nicholas E. Bragorgos
McNabb, Bragorgos, Burgess,
Sorin, PLLC
81 Monroe, Sixth Floor
Memphis, TN 38103
Telephone: (901-624-0640
Facsimile: (901) 624-0650
nbragorgos@mbbslaw.com

*Attorney for Plaintiff*

*/s/ Paige M. Lyle*
Paige M. Lyle
