**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**HURRICANE EXPRESS,**
     **Plaintiff,**

**vs.**                                     **Civil Action No. 3:26-cv-0301**
                                          **Judge Crenshaw/Frensley**

**BIG RIG NATION, PATRICK**
**NICHOLSON and RITA NICHOLSON,**
     **Defendants.**

**<u>ORDER</u>**

The Court held a telephone conference with the Parties on July 8, 2026, to discuss a discovery dispute regarding the preliminary injunction hearing. Specifically, the dispute revolves around the deposition of Kaedon Steinert. Mr. Steinert is the President of Plaintiff, Hurricane Express. Docket No. 17. The Plaintiff has filed two (2) declarations from Mr. Steinert (Docket Nos. 17 and 18) and relies extensively on those declarations in support of their recently filed amended memorandum in support of its motion for preliminary injunction. Docket No. 44. The Parties explained that there has been extensive back and forth conversations about deposing Mr. Steinert but for various reasons that deposition was not completed in the time established in the scheduling order. The Court concludes based upon the representations of counsel that the failure to take the deposition is not a result of bad faith of either of the Parties. While Plaintiff's counsel indicates that he does not intend to call Mr. Steinert as a live witness, he does intend to rely upon the previously filed declarations therefore that testimony is related to the preliminary injunction. As such, the Defendant is entitled to take Steinert's deposition. Given the delays and other scheduling conflicts of counsel and presumably the witness, Plaintiff has offered to make Steinert available for deposition in August after the hearing on the preliminary injunction.

The Parties also raised an issue regarding certain third-party subpoenas to be issued by the

Plaintiff in this matter. The Parties have not had an opportunity to meet and confer regarding the substance of the dispute regarding the scope of those subpoenas and should do so prior to bringing it to the Court.

In the event the Plaintiff intends to continue to rely upon the testimony of Steinert whether in person or by declaration, Steinert shall be made available for deposition remotely for no more than three hours prior to the scheduled hearing on July 20, 2026. The dispute regarding third party subpoenas is not ripe and the Parties shall meet and confer as directed by the Court to resolve those issues, if possible.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**